Adam P Thursby, Esq. (SBN 318465)
Kristin A. Zilberstein, Esq. (SBN: 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.,
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
athursby@ghidottilaw.com

Attorney for Movant
Bosco Credit LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re:<br>JOSE A LOZA<br><br>    Debtor. | CASE NO.: 18-42125<br><br>CHAPTER 13<br><br>RS No.: MRG-100<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date: November 9, 2018<br>Time: 10:00 a.m.<br>Ctrm: 215<br>Place: U.S. Bankruptcy Court<br>         1300 Clay Street<br>         Oakland, CA 94612<br><br>Judge: Charles Novack |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

1

Motion for Relief Memorandum of Points and Authorities

Bosco Credit LLC, ("Movant"), by and through its undersigned attorney, moves this Court for termination of all stays and injunctions, pursuant to 11 U.S.C. §362(d) and 105 and Federal Rules of Bankruptcy Procedure 4001 and 9014 and regarding the real property commonly known as 335 Burbank Road, Antioch, CA 94509, ("Property" herein).

The relief requested in this Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities and incorporated herein by this reference.

On or about 9/11/2018, Debtor filed a Voluntary Petition under Chapter 13 of the Bankrutpcy Code. Prusuant to 11 U.S.C. §362, the Petition stays the commencement or continuantion of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor. This Court has jurisdiction pursuant to 28 U.S.C. §1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

## RELIEF FROM STAY SHOULD BE GRANTED UNDER 11 U.S.C. SECTION 362(D)(1) BECAUSE DEBTOR HAS NO OWNERSHIP INTEREST IN THE PROPERTY

Pursuant to 11 U.S.C. §362(d)(1), Movant is entitled to relief from the automatic stay as Debtor no longer has an ownership interest in the property. The Debtor has the burden of showing there is no cause to terminate the stay. *In re Ellis,* 60 B.R. 432 (9th Circ. BAP 1985). Where cause is shown, courts have no discretion, but must grant relief. *In re Ford,* 36 B.R. 501 (Dt 1983).

The evidence demonstrates that the Debtor does not have the right to continued occupancy of the Property. The subject petition was filed on September 11, 2018. A prior petition was filed on August 27, 2018 and was dismissed on September 11, 2018.

Movant was the successful purchaser of the Property at the foreclosure sale held on January 31, 2018. Purusant to the Trustee's Deed Upon Sale recorded on February 5, 2018, as Document No.: 20189001808200003 Movant is the legal owner of the Property.

# RELIEF FROM STAY SHOULD BE GRANTED UNDER 11 U.S.C. SECTION 362(D)(2) BECAUSE THERE IS NO EQUITY IN THE PROPERTY AND IT IS NOT NEEDED FOR AN EFFECTIVE REORGANIZATION.

Bankrupcty Code *Section 362(d)(2)* provides for relief from the automatic stay if the Debtors do not have equity in the property and the property is not needed for an effective reorganization. The burden is on the Debtors to prove the Property is necessary to effect reorganization. In re Gauvin, 24 B.R. 578,580 (9th Cir.B.A.P. 1982).

Pursuant to *11 U.S.C. Section* 362*(d)(2)(A)* the Debtors do not have equity in the Property. As stated above, pursuant to the Trustee's Deed Upon Sale, recorded on February 5, 2018, Movant is the owner of the Property. Therefore, Debtors do not have equity in the Property and Movant's Motion should be granted.

////

////

////

////

////

////

Additionally, relief from stay is warranted where the Debtors fail to, "present any evidence about what their reorganization plan is or when it could be proposed and brought to fruition. . ."; without evidence these Debtors have, "failed to meet [their] burden of showing the "essential" connection between the property and a reasonably possible, successful reorganization in a reasonable time." In re Teresi, 134 B.R. 392, 398 (Bankr.E.D.Cal. 1991). Here, the Debtors do not own the Property because, Movant is the Owner of the Property. Debtors cannot reorganize a claim that is not property of the bankruptcy estate. Thus,

Movant's Motion should be granted Pursuant to *11 U.S.C. 362(d)(2)* because the Property is not necessary for effective reorganization.

Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C. §362(d)(2). Additionally Movant requests that it be awarded its attorney's fees and costs and that the Court waive the 14 day stay pursuant to Bankruptcy Rule 4001(a) (3); and for such other and further relief as the Court deems just and proper.

Dated: September 20th, 2018                LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Adam P. Thursby
Adam P. Thursby, Esq.
Bosco Credit LLC