
1  MARIANNE MALVEAUX, CA SBN 225657
2  P.O. Box 21144
   El Sobrante, CA 94820
3  TEL. (510) 224-4783
4  FAX (510) 275-0302

5  Attorney for Debtor JOSE LOZA

The following constitutes the order of the Court.
Signed: October 11, 2018



**Charles Novack**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE | ) CHAPTER 13 |
| | ) |
| JOSE LOZA | ) Main Case No.: 18-42125 |
| | ) |
| Debtor. | ) **ORDER GRANTING REFERRAL TO MORTGAGE MODIFICATON MEDIATION PROGRAM** |
| | ) |

On October 5, 2018 Debtor JOSE LOZA, filed a Motion for Referral to the Mortgage Modification Mediation Program (DKT. No. 30) (the "Motion").

Upon due consideration, and for good cause shown, the Court hereby orders as follows:

1. The Motion is granted.

2. JOSE LOZA the Debtor and RUSHMORE LOAN MANAGEMENT SERVICES (the "Lender") are required to participate in the Mortgage Modification Program (the "MMM Program") in ***good faith.***

3. Susan Terrado, Esq (the "Mediator") is designated to serve as the MMM Program mediator in this case.

4. The current procedures and deadlines set forth in the Mortgage Modification Mediation Program Procedures (the "MMM Procedures") attached hereto as **EXHIBIT A** are incorporated in this Order.

*** END OF ORDER***

# EXHIBIT A

**Mortgage Modification Mediation (MMM) Program Procedures**
United States Bankruptcy Court, Northern District of California

1. **Purpose**. These procedures and forms implement the Mortgage Modification Mediation Program ("MMM Program") established under General Order 29. This program is designed to function as a forum for individual debtors to explore mortgage modification options with their lenders for real property in which they have an interest or are obligated on the promissory note or mortgage. The goal of the MMM Program is to facilitate communication and exchange of information in a confidential setting and encourage the parties to finalize a feasible and beneficial agreement under the supervision of the United States Bankruptcy Court for the Northern District of California. Options available under the MMM Program include modification of a mortgage or surrender of real property owned by an individual debtor.

2. **Definitions**. The following definitions shall be applicable to the procedures described herein.

    A. <u>Debtor</u>: includes both debtors when a joint petition has been filed.

    B. <u>Lender</u>: shall be deemed the current beneficiary and payee of the promissory note secured by the deed of trust and/or its mortgage servicing agent.

    C. <u>Required Parties</u>: include, when applicable, Debtor, Debtor's attorney, Lender, Lender's California legal counsel, any co-obligor, co-borrower or third-party obligor, and the mediator. A Required Party may be excused from the MMM Program upon approval of the Bankruptcy Court.

3. **MMM Portal and Document Preparation Software**. In an effort to expedite the exchange of information between Debtor and Lender, the Court has mandated the use of a secure online portal (the "MMM Portal") and an online program that facilitates the preparation of Debtor's loan modification package (the "Document Preparation Software"). The current Document Preparation Software vendor approved by the Court is Default Mitigation Management, LLC ("DMM"), whose software can be obtained at www.documods.com. In the event that other vendors are approved by the Court, those vendors will be listed on the Court's website. Submitting documents to the MMM Portal provides transparency in the mortgage modification process by making information immediately available to all parties through a secure internet website. The use of the Document Preparation Software further ensures that the initial submission to Lender is complete and accurate and should expedite Lender's review. The use of the MMM Portal and the Document Preparation Software eliminates the need for multiple submissions of documents that were not received and unnecessary delay based upon incomplete documentation.

Unless otherwise permitted by the Court, all written communication between the Required Parties regarding the mediation shall be sent exclusively through the MMM Portal. The current MMM Portal provider approved by the Court is managed and maintained by DMM, which can be accessed at www.dclmwp.com. Free training on the use of the MMM Portal shall be available to all attorneys and lenders. The Court's webpage on MMM also includes MMM Portal training materials on mortgage modification, including contact information for the MMM Portal vendor and information on the Document Preparation Software. Any litigated matters incidental to the mediation shall be considered separate matters and not subject to the MMM Portal communication

requirement. For example, a motion to compel mediation or motions related to discovery shall be filed in the main bankruptcy case and not through the MMM Portal.

4. **Debtors Eligible to Participate**. To be eligible to participate in the MMM Program, Debtor must:

    A.    Be an individual;
    B.    With a case currently pending under Title 11, Chapter 13, of the United States Code in the Oakland, San Francisco, Santa Rosa or San Jose Divisions;
    C.    Use the Northern District of California Model Chapter 13 Plan adopted on August 1, 2013;
    D.    Set aside the applicable Document Preparation Software fee ($40.00), the applicable MMM Portal submission fee ($40.00), and one-half (1/2) of the mediator's fee ($300.00); and
    E.    Determine that mortgage modification is feasible such that Debtor has sufficient monthly disposable income to make a Chapter 13 Plan payment that includes a modified mortgage payment (typically required to be) at least thirty one percent (31%) of Debtor's gross monthly income (exclusive of applicable Trustee's fees) or such other amount designated by Lender for the real property subject to the MMM Program.

5. **Request for Referral to MMM**. Either Debtor or Lender may seek referral to the MMM Program.

    A.    <u>By Debtor</u>.

        (i)    <u>Complete Document Preparation Software</u>. Prior to filing a Motion For Referral to Mortgage Modification Mediation Program (Form ND-MMM-100), Debtor shall complete the Document Preparation Software and pay the non-refundable fee directly to the Document Preparation Software approved vendor. Debtor's initial loan modification forms shall be completed using the court-approved Document Preparation Software and be ready for signature and submission. This includes collecting Debtor's required supporting documentation in order to submit Debtor's initial package ("Debtor's Prepared Package") to Lender for review through the MMM Portal.

        (ii)    <u>Filing the Motion</u>. Upon completion of Debtor's Prepared Package, any eligible Debtor may seek entry of an order for referral to the MMM Program by filing a Motion For Referral to Mortgage Modification Mediation Program (Form ND-MMM-100), which shall identify the proposed mediator selected by Debtor. The requirements of B.L.R. 9013-1(b)(3) and B.L.R. 9013-1(d) are not applicable.

        (iii)    <u>Entry of Order of Referral</u>. Debtor shall lodge with the Court an Order Granting Motion for Referral to Mortgage Modification Mediation Program (Form ND-MMM-103) immediately after filing the motion for referral to the MMM Program, and the Court shall enter an order granting the motion on an *ex parte* basis.

        (iv)    <u>Notice Requirements</u>. Any Debtor seeking entry of an order referring a case to the MMM Program with the consent of Lender may seek entry of such order on an *ex parte* basis and is not required to file and serve a notice and opportunity for hearing pursuant to B.L.R. 9014-1(b)(3), provided that Debtor has filed a Notice of Lender's Consent to Attend and Participate in Mortgage Modification Mediation Program (Form ND-MMM-101) simultaneously with the motion.

Any Debtor seeking entry of an order referring a case to the MMM Program without the express written consent of Lender may seek entry of such order on an *ex parte* basis and is not required to file and serve a notice and opportunity for hearing pursuant to B.L.R. 9014-1(b)(3), provided that Debtor provides Lender fourteen (14) days notice of the right to seek reconsideration by filing and serving Notice of Entry of Order Granting Motion for Referral to Mortgage Modification Mediation Program (Form ND-MMM-104) promptly after entry of an order referring a case to the MMM Program.

    (v) Service. If Lender has not provided Debtor with written consent to entry of an order referring a case to the MMM Program, then Debtor shall serve the notice of entry of order referring case to the MMM Program (Form ND-MMM-104), a copy of the order referring the case to the MMM Program (Form ND-MMM-103) as **Exhibit A**, a copy of these procedures as **Exhibit B**, and a copy of the Objection to Selection of Mortgage Modification Mediation Program Mediator (Form ND-MMM-105) as **Exhibit C**, on the Required Parties and the Chapter 13 Trustee. Service shall be governed by Federal Rule of Bankruptcy Procedure 9014(b).

If Lender has provided Debtor with written consent to entry of an order referring a case to the MMM Program, then Debtor shall serve only a copy of the order referring case to the MMM Program (Form ND-MMM-103) on the Required Parties and the Chapter 13 Trustee.

  B. By Lender.

    (i) Filing the Motion. Any Lender may seek entry of an order of referral to the MMM Program by filing a motion that substantially conforms to the local Mortgage Modification Mediation Forms. In the Motion, Lender shall identify the proposed mediator for the case. Lender may, but is not required, to comply with the requirements of B.L.R. 9013-1(b)(3) or B.L.R. 9013-1(d).

    (ii) Notice Requirements. Lender shall file and serve a notice and opportunity for hearing pursuant to B.L.R. 9014-1(b)(3) along with a copy of the current MMM Procedures, and may not seek entry of such order on an *ex parte* basis. If any party files timely opposition to the motion, then the procedures set forth in B.L.R. 9014-1(b)(3)(A)(a)-(b) shall govern setting the matter for hearing before the Court.

    (iii) Service. Lender shall serve the motion and the notice and opportunity for hearing on Debtor, Debtor's bankruptcy counsel (if any), and the Chapter 13 Trustee. Service shall be governed by Federal Rule of Bankruptcy Procedure 9014(b).

    (iv) Entry of Order of Referral. If there is no timely opposition, Lender shall file a request for entry of default and lodge a proposed order (that substantially conforms to Form ND-MMM-103) pursuant to the procedures set forth in B.L.R. 9014-1(b)(4). If there is timely opposition to the motion, then the Court will resolve the matter at the hearing and issue an appropriate order.

  6. **Selection of Mediator**. The moving party shall propose a mediator in the motion seeking referral of the case to the MMM Program, and if the moving party fails to propose a mediator in the motion, the Clerk of the Court shall randomly assign a mediator for the case from the Register of Mediators. If the non-moving party does not consent to the proposed mediator, then within fourteen (14) days after service of the notice of entry of order referring case to the MMM Program, the non-moving party shall file and serve

an Objection to Selection of Mortgage Modification Mediation Program Mediator (Form ND-MMM-105), and the Clerk of the Court shall randomly select a different mediator for the case from the Register of Mediators.

       7.    **Additional Parties.**  Any co-obligor, co-borrower, or other third party obligated on the note or mortgage may participate in the MMM Program. Debtor shall file the Notice of Third-Party Consent to Attend and Participate in Mortgage Modification Mediation Program (Form ND-MMM-102) for each co-obligor, co-borrower, or other third party obligated on the note or mortgage that elects to participate in the MMM Program.

       8.    **Order Of Referral to Mortgage Modification Mediation**.  Upon entry of the order referring a case to the MMM Program, the moving party shall serve a copy of the order on the Required Parties, including the designated mediator (once determined), and file a certificate of service indicating the parties that were served with the order.

          A.    Debtor Requirements.  Within seven (7) days after entry of an order referring the case to the MMM Program or Lender's registration on the MMM Portal, which ever occurs later, Debtor shall upload to the MMM Portal: (i) Debtor's Prepared Package; (ii) a copy of the order referring the case to the MMM Program; and (iii) all additional documents and information specified by Lender on the MMM Portal (collectively, these documents and information shall be referred as the "Completed Package"). Debtor shall also designate the selected mediator on the MMM Portal and pay the following non-refundable fees: (i) the MMM Portal submission fee ($40.00) directly to the MMM Portal vendor; and (ii) one-half (1/2) of the applicable mediator fee ($300.00) directly to the mediator.

    Debtor and Debtor's attorney (if applicable) shall act in good faith throughout the entirety of the MMM Program, including but not limited to, promptly responding to all inquires and requests for additional documentation made by Lender through the MMM Portal. If Debtor fails to comply timely and fully with the requirements set forth in Section 8(A), the Court may issue appropriate sanctions, including vacating the order referring the case to the MMM Program, on motion filed by Lender.

          B.    Lender Requirements.  Within fourteen (14) days after entry of an order referring the case to the MMM Program, Lender and Lender's California counsel (if any) shall register on the MMM Portal (if not already registered). As part of the registration process for the MMM Portal, Lender shall provide to the MMM Portal vendor all applicable initial mortgage modification requirements ("Lender's Initial Package"), which will be posted on the MMM Portal by the MMM Portal vendor. Lender's Initial Package shall specify the forms and documentation necessary for Lender to initiate a review of Debtor's request for mortgage modification options. [Registration on the MMM Portal is a one-time event, and once Lender is registered on the MMM Portal, Lender will not have to re-register for each subsequent matter.]

    Within seven (7) days after Debtor submits the Completed Package, Lender shall on the MMM Portal: (i) acknowledge receipt of the Completed Package; and (ii) designate its single point of contact and outside legal counsel (if any). The designated single point of contact and outside legal counsel (if any) shall have all requisite authority (within the investor's guidelines) to settle any and all issues that may arise during the MMM Conferences. Lender shall also pay one-half (1/2) of the applicable non-refundable mediator's fee ($300.00) directly to the mediator.

Lender and Lender's attorney (if applicable) shall act in good faith throughout the entirety of the MMM Program, including but not limited to, promptly responding to all inquiries made by Debtor through the MMM Portal.

In the event that Lender transfers a loan subject to the MMM Program, Lender shall promptly provide a copy of the order referring the case to the MMM Program to the new holder of the loan (the "Successor Lender"), and the Successor Lender shall be obligated to comply with all terms of the order. Further, either Debtor or Lender shall transfer the submission on the MMM Portal to the Successor Lender.

C. <u>Mediator Requirements</u>. Within seven (7) days after Debtor has complied with the requirements set forth in Section 8(A) above, the mediator shall log into the MMM Portal to facilitate the exchange of information between Debtor and Lender in an effort to perfect the documentation needed for Lender to complete an analysis of Debtor's mortgage modification options.

No later than seven (7) days after the mediator determines that Lender has received and reviewed all of the required information transmitted through the MMM Portal, the mediator shall schedule the initial MMM Conference. In the event that the mediator cannot determine whether Lender has received and reviewed all the required information, the mediator shall schedule the initial MMM conference within ninety (90) days after entry of the order referring the case to the MMM Program. The initial MMM Conference shall not exceed one (1) hour. The mediator shall report the scheduling of any and all MMM Conferences through the MMM Portal.

9. **Mortgage Modification Mediation Conferences**.

A. <u>Attendance at MMM Conferences</u>. Except as otherwise provided in this section, the Required Parties shall attend all MMM Conferences and be authorized to settle all matters requested in the motion seeking referral to the MMM Program.

(i) <u>Debtor</u>. If Debtor is represented by an attorney, then Debtor, Debtor's attorney, and any co-obligor, co-borrower, or other third party obligated on the note or mortgage, may participate in the MMM Conference by telephone provided that they are physically present with Debtor's attorney and present identification to Debtor's attorney during all MMM Conferences. If Debtor is not represented by an attorney, Debtor and any co-obligor, co-borrower, or other third party obligated on the note or mortgage, shall be physically present with the mediator at the mediator's selected location and present identification to the mediator during all MMM Conference. **Debtor shall provide a foreign language interpreter (if necessary) at Debtor's own expense.**

(ii) <u>Lender</u>. Lender's designated representative and Lender's attorney may appear telephonically at all MMM Conferences.

(iii) <u>Florida Mediator</u>. If a Florida mediator is selected to conduct the MMM Conference, the Required Parties may appear telephonically. The Florida mediator shall initiate the conference call.

(iv) <u>Public Entity</u>. If a party to the mediation is a public entity, that party shall appear at the MMM Conference by the physical presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity. The representative may appear telephonically at all MMM Conferences.

B.  **MMM Conferences**.  The initial MMM Conference shall not exceed one (1) hour in duration.  In the event that the parties are unable to reach an agreement, the mediator shall schedule a second and final MMM Conference that shall be held no later than thirty (30) days after the conclusion of the initial MMM Conference.  The final MMM Conference shall also not exceed one (1) hour in duration.  If necessary, and upon written stipulation of the parties, the mediator may continue the MMM Conference beyond the two (2) one-hour conferences.  The entire MMM Program shall be completed no later than one hundred and fifty (150) days after entry of the order referring the case to the MMM Program, without written stipulation of the parties or order of the Court extending this deadline.

C.  **Settlement Agreement**.  All parties attending the MMM Conference shall be ready, willing, and able to sign a binding settlement agreement at the MMM Conference.  Further, at all MMM Conferences, all parties shall have the ability to scan and send and receive documents by email, facsimile, or other electronic means, as necessary to enter into a binding settlement agreement.

D.  **Confidential Communications**.  All communications and information exchanged during the MMM Program shall be privileged and confidential and shall be inadmissible in any subsequent proceeding as provided for by Federal Rule of Evidence 408, except in such circumstances when a party fails to participate in good faith in the MMM Program or the MMM Program Procedures or in subsequent mediation negotiations in this case or any State of California Foreclosure Mediation Program.

The Chapter 13 Trustee shall have complete access to the MMM Portal, but shall not be able to read the contents of any documentation, correspondence, or other confidential information exchanged by the parties.

10.  **Post Mortgage Modification Mediation Conference Procedures**.

A.  **Mediator Reporting Requirements**.  Within seven (7) days after the conclusion of the final MMM Conference, the mediator shall report the results of the mediation on the MMM Portal.  Within seven (7) days after submission of the report on the MMM Portal, the mediator shall file with the Court the Final Report of Mortgage Modification Mediation Program Mediator (Form ND-MMM-201) along with the Final Report generated by the MMM Portal.

B.  **Trial Loan Modification Agreement**.  If the parties reach a trial loan modification agreement, but not a final loan modification agreement, then within fourteen (14) days after the parties reach such agreement, Debtor shall file a Motion to Approve Trial Loan Modification Agreement and Authorizing Trustee to Make Distributions Prior to Confirmation to Lender (Form ND-MMM-106) and lodge with the Court an Order Granting Motion to Approve Trial Loan Modification Agreement and Authorizing Trustee to Make Distributions Prior to Confirmation to Lender (Form ND-MMM-107) approved as to form and content by Lender.  The Court shall grant such relief on an *ex parte* basis.  Once entered by the Court, Debtor shall serve a copy of the Order Granting Motion to Approve Trial Loan Modification Agreement and Authorizing Trustee to Make Distributions Prior to Confirmation to Lender (Form ND-MMM-107) on the Chapter 13 Trustee and file a certificate of service indicating that the Chapter 13 Trustee was served with a copy of the order.

C.  **Final Loan Modification Agreement**.  If the parties reach a final

loan modification agreement, then within fourteen (14) days after the parties reach such agreement, Debtor shall file a Motion to Approve Loan Modification Agreement After Completion of Mortgage Modification Mediation Program (Form ND-MMM-108) and lodge with the Court an Order Granting Motion to Approve Loan Modification Agreement After Completion of Mortgage Modification Mediation Program (Form ND-MMM-109). The Court shall grant such relief on an *ex parte* basis. Once entered by the Court, Debtor shall serve a copy of the Order Granting Motion to Approve Loan Modification Agreement After Completion of Mortgage Modification Mediation Program (Form ND-MMM-109) on the Chapter 13 Trustee and file a certificate of service indicating that the Chapter 13 Trustee was served with a copy of the order.

11. **Chapter 13 Procedures**.

    A.    Referral to MMM Prior to Confirmation. If a case has been referred to the MMM Program and Debtor requires Trustee to make distributions to Lender prior to confirmation, then Debtor shall file and serve an amended Chapter 13 plan that incorporates the Required Chapter 13 Plan Language set forth in Section 11(C) below in conjunction with either a Motion to Approve Trial Loan Modification Agreement and Authorizing Trustee to Make Distributions Prior to Confirmation to Lender (Form ND-MMM-106) or a Motion to Approve Loan Modification Agreement After Completion of Mortgage Modification Mediation Program (Form ND-MMM-108), unless Debtor has previously filed a Chapter 13 plan that incorporates such language.

The Court will not confirm a plan that has been referred to the MMM Program until after the mediator has filed a Final Report of Mortgage Modification Mediation Program Mediator (Form ND-MMM-201), and if a final loan modification agreement is reached, the Court has entered an Order Granting Motion to Approve Loan Modification Agreement After Completion of Mortgage Modification Mediation Program (Form ND-MMM-109).

    B.    Referral to MMM After Confirmation. If Debtor seeks referral to the MMM Program after confirmation, then Debtor shall file and serve a Motion to Modify Chapter 13 Plan along with a proposed modified plan that incorporates the Required Chapter 13 Plan Language set forth in Section 11(C) below in conjunction with the Motion for Referral to Mortgage Modification Mediation Program (Form ND-MMM-100).

    C.    Required Chapter 13 Plan Language. The following language shall be included in Section 5 (Additional Provisions) of Debtor's Chapter 13 plan:

**5.01. Mortgage Mediation Modification. Section 2.08 above shall not be applicable and is hereby deleted in its entirety. Debtor has or upon filing of the petition will seek entry into the Mortgage Modification Mediation Program (the "MMM Program") established under General Order 29 with respect to the following secured creditor(s) and property:**

| Class 5 Creditor's Name/Collateral Description | Monthly Modification Installment (Includes principal, interest, and escrow amounts for property taxes and insurance) | Payment Start Date (Start date will be a specific month during the plan) |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

  a. The plan payment set forth in Section 1.01 above, includes the anticipated monthly installment payment that will be achieved during the MMM Program, which is typically required to be at least thirty one percent (31%) of Debtor's gross monthly income (exclusive of applicable Trustee's fees) or such other amount designated by the secured creditor for the real property subject to the MMM Program.

  b. If the holder of a claim specified in Section 5.01 above provides Debtor and Trustee with notice of a payment change in accordance with Federal Rule of Bankruptcy Procedure 3002.1(b), then Debtor shall adjust the plan payment accordingly and is not required to file a motion to modify the plan to provide for such payment change.

  c. Trustee shall retain each Estimated Monthly Payment set forth above until entry of an order by the Court authorizing such distributions.

  d. Timely payments received by Trustee pursuant to this paragraph shall be deemed as timely payments made pursuant to any trial loan modification agreement or final loan modification agreement approved by the Court under the MMM Program.

  e. Entry of an order confirming the plan shall suspend and revoke any remaining obligations of Trustee to make disbursements pursuant to Paragraph (5) of an Order Granting Motion to Approve Trial Loan Modification Agreement and Authorizing Trustee to Make Distributions Prior to Confirmation (Form ND-MMM-107) or Paragraph (5) of an Order Granting Motion to Approve Loan Modification Agreement After Completion of Mortgage Modification Mediation Program (Form ND-MMM-109) in this case.

  f. In the event Debtor is unable to reach a final loan modification agreement, Debtor shall, within 14 days after the mediator files a Final Report of Mortgage Modification Mediation Program Mediator (Form ND-MMM-201), file an amended plan providing for appropriate treatment of pre-petition and post-petition arrears or surrender of the property specified in Class 5.

  g. If Debtor fails to file timely an amended plan, Debtor shall be deemed to be in material default under this plan and the remedies described in Section 4.02 shall be available to Trustee or Creditor.

  12. **Effect of Mediation**.

   A. <u>Automatic Stay</u>.  The automatic stay as provided for under 11 U.S.C. § 362(a) shall be modified to the extent necessary to facilitate the MMM Program.

After entry of the order referring the case to the MMM Program, all pending motions for relief from the automatic stay with respect to real property subject to the MMM Program shall be continued or dropped from calendar until after such time that the MMM Program has concluded. Further, the pendency of the MMM Program shall constitute good cause and compelling circumstances under 11 U.S.C. § 362(e) to delay the entry of any final decision on a pending motion for relief from stay with respect to real property subject to the MMM Program.

During the pendency of the MMM Program, no motion for relief from stay shall be filed on an *ex parte* basis with respect to real property subject to the MMM Program. Further, any lender seeking relief from the automatic stay prior to the conclusion of the MMM Program shall, in the motion, set forth the reasons why relief is appropriate prior to the conclusion of the MMM Program.

    B.    <u>No Delay</u>. The referral of a case to the MMM Program does not relieve the parties from complying with any other court orders or applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, General Orders or the Bankruptcy Local Rules. Notwithstanding a matter being referred to the MMM Program, the bankruptcy case shall not be stayed or delayed without further order of the Court.

    C.    <u>Mortgage Payments</u>. Any debtor participating in the MMM Program shall be required to pay all post-petition installment payments to Lender through the Chapter 13 Trustee including, but not limited to, on-going mortgage payments, trial modification payments, final modification payments, and any arrearages.

    D.    <u>Closing</u>. If Debtor's bankruptcy case is otherwise in a posture for administrative closing, the case shall remain open during the pendency of the MMM Program, unless otherwise ordered by the Court.

13. **Mediator Procedures**.

    A.    <u>Registration of Mediators</u>. The Clerk of the Court shall establish and maintain a register of qualified individuals who have registered to serve as mediators for the MMM Program and have been approved by the Court (the "Register of Mediators"). Applicants who meet the minimum qualifications and have been approved by the Court shall be registered on the Register of Mediators for a duration of three (3) years, and may reapply thereafter. Mediators must also register directly on the MMM Portal so that Debtor may designate the mediator and provide access to Debtor's submissions in the MMM Portal. Any mediator whom is not listed on the Register of Mediators will not be approved for access on the MMM Portal.

    B.    <u>Minimum Qualification</u>. In order to be eligible for consideration as a mediator in the MMM Program, the mediator shall complete the Verification of Qualification to Act as Mediator in Mortgage Modification Mediation Program (Form ND-MMM-200) and file such verification with the Clerk of the Court. The minimum qualifications to become an eligible mediator include:

    (i)    An active and licensed member of the State Bar of California and admitted to practice law in a state court or federal court within California for at least the past five (5) years;

    (ii)    A retired California state court or federal court judge; or

    (iii)    An active and licensed member of the State Bar of Florida

9    VERSION 1.01 (August 28, 2015)
MORTGAGE MODIFICATION MEDIATION ("MMM") PROGRAM PROCEDURES

Case: 18-42125   Doc# 33   Filed: 10/11/18   Entered: 10/11/18 15:32:25   Page 11 of 14

and an approved member on the Register of Mediators with the Clerk of the Court for the United States Bankruptcy Court, District of Florida (all divisions) accepting MMM Assignments (limited to one (1) year commencing August 1, 2015).

  C. <u>Removal From Register of Mediators</u>.  The Clerk of the Court shall promptly remove a mediator from the Register of Mediators at the mediator's request.  Any mediator voluntarily removed from the Register of Mediators may later reapply by filing a Verification of Qualification to Act as Mediator in Mortgage Modification Mediation Program (Form ND-MMM-200).  The Court may remove a mediator in its discretion for cause shown.

  D. <u>Standard of Professional Conduct</u>.  Any mediator appointed pursuant to these procedures shall be subject to the Model Standards of Conduct for Mediators as revised and adopted in 2005 by the American Arbitration Association, American Bar Association, and Association of Conflict Resolution (available online at: http://www.americanbar.org/content/dam/aba/migrated/2011_build/dispute_resolution/model_standards_conduct_april2007.authcheckdam.pdf).  Mediators shall have judicial immunity in the same manner and to the same extent as a judge.

  E. <u>Mediator's Compensation</u>.  Mediators shall be compensated at the rate of $600.00, or at such rate as may be agreed to in writing by the parties and the mediator selected by the parties.  The cost of the mediator's services shall be split equally by the parties to the MMM Conferences, unless otherwise agreed by the parties.

  The fee paid to the mediator include the following service: assistance in determining that all documents and information is properly uploaded to the MMM Portal or otherwise exchanged between Debtor and Lender; scheduling the MMM Conferences; participation in a maximum of two (2) one-hour MMM Conferences; and filing all necessary reports with the Court.  To the extent that the MMM Conferences extend beyond the two (2) one-hour sessions, the cost of the mediator's services shall be split equally by the parties and payment shall be provided to the mediator at least twenty four (24) hours prior to the MMM Conference.  If Debtor is not represented by counsel, payment for such additional MMM Conferences shall be made by cashier's check or money order.

  F. <u>Disqualification of Mediator</u>.  Any person selected as a mediator may be disqualified for bias or prejudice as provided for in 28 U.S.C. § 144, and shall be disqualified in any action in which the mediator would be required to do so if the mediator was a judge and subject to the standards set forth in 28 U.S.C. § 455.

  G. <u>Mediator Unable to Serve</u>.  If a mediator is unable to serve in an assigned case, then after receipt of the order referring case to the MMM Program, the mediator shall promptly file and serve a notice of inability to serve on the Required Parties, and the Clerk of the Court shall randomly select a new mediator from the Register of Mediators without a hearing.  In the event that a mediator is replaced, Debtor shall promptly update the MMM Portal to designate the new mediator for the case.

  H. <u>MMM Conferences</u>.  Upon consultation with the parties and their attorneys (if any), the mediator shall fix a reasonable time and place for the MMM Conference, except as otherwise agreed by the parties or by order of the Court, and shall give the parties at least seven (7) days advance written notice of the date, time, and place of the MMM Conference.  Attendance at the MMM Conference is mandatory, and as specified in Section 9(A) above, telephonic appearances are permissible under certain

circumstances. The mediator has sole discretion to determine how the MMM Conference is conducted, and shall determine when the parties are to be present in the conference room together, if at all. No party can be required to participate in a MMM Conference for longer than two (2) hours.

14. **Compensation for Debtor's Counsel**. Attorneys for Debtor shall be permitted to charge attorney's fees not to exceed $2,500.00 and costs not to exceed $100.00 for participation in the MMM Program. These fees and costs are in addition to those fees and costs incurred in the representation of Debtor in the Chapter 13 case. Debtor's attorney shall perform the following services to receive such fees:

- Prepare, file, and serve Motion for Referral to Mortgage Modification Mediation Program (Form ND-MMM-100);
- Prepare and file Notice of Lender Consent to Attend and Participate in Mortgage Modification Mediation Program (Form ND-MMM-101) (if necessary) and Notice of Third Party Consent to Attend and Participate in Mortgage Modification Mediation Program (Form ND-MMM-102) (if necessary).
- Prepare and upload an Order Granting Motion for Referral to Mortgage Modification Mediation Program (Form ND-MMM-103);
- Prepare, file, and serve Notice of Entry of Order Granting Motion for Referral to Mortgage Modification Mediation Program (Form ND-MMM-104) (if necessary);
- Use and complete the Document Preparation System;
- Prepare all forms required for submission on the MMM Portal;
- Submit all required documents and communication through the MMM Portal;
- Communicate with Lender and the mediator in an attempt to promptly settle or otherwise resolve the matter;
- Attend all MMM Conferences and all related Court hearings;
- Prepare, file, and serve Motion to Approve Trial Loan Modification Agreement and Authorizing Trustee to Make Distributions Prior to Confirmation to Lender (Form ND-MMM-106) and upload an Order Granting Motion to Approve Trial Loan Modification Agreement and Authorizing Trustee to Make Distributions Prior to Confirmation to Lender (Form ND-MMM-107) (if a trial loan modification agreement is reached);
- Prepare, file, and serve Motion to Approve Loan Modification Agreement After Completion of Mortgage Modification Mediation Program (Form ND-MMM-108) and upload an Order Granting Motion to Approve Loan Modification Agreement After Completion of Mortgage Modification Mediation Program (Form ND-MMM-109) (if a final loan modification agreement is reached);
- Review all modified loan documents (if necessary); and
- Prepare and file all other pleadings required to promptly settle the matter.

Debtor's attorney shall file an application for allowance of these additional fees and costs and upload an appropriate order authorizing Trustee to pay these fees through the Chapter 13 Plan upon completion of the MMM Program.

# Court Service List

18-41948 Notice will be electronically mailed to:

Martha G. Bronitsky
13trustee@oak13.com

Marianne Malveauxon behalf of Debtor Leroy Fonteno
cfamalveaux@gmail.com, lesliepatrice@gmail.com

Office of the U.S. Trustee/Oak
USTPRegion17.OA.ECF@usdoj.gov

Notice will not be electronically mailed to:

Bosco Credit, LLC
c/o Shannon C. Williams, Esq.
1920 Old Tustin Avenue
Santa Ana, CA 92705

Credit Ventures, LLC
Successor in interest ot Aqua Finance 16130 Ventura Blvd.,
Suite 620 Encino, CA 91436

Franchise Tax Board
Special Procedures Section
POBox 2952
Sacramento, CA 95812-2952

Rushmore Loan Management Services
POBOX 52708
Irvine, CA 92619


Wells Fargo Bank
P.O. Box 10355
Des Moines, IA 50306-0335