Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Leo G. Spanos, #261837, Staff Attorney
Nima Ghazvini, #254758, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266- 5580
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| In re | Chapter 13 Case No. 18-42125-CN 13 |
|---|---|
| Jose A Loza | |
| Debtors | Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss or Convert Chapter 13 Case |

## Plan Objection Information

Chapter 13 Trustee Objects To: Chapter 13 Plan
Filed: October 05, 2018
Docket#: 29

## Motion To Dismiss Information

☒ Trustee Seeks To Dismiss or Convert the Case

**(See II. Motion To Dismiss Below)**

## Case Information

Petition Filed: September 11, 2018     Attorney Name: MARIANNE MALVEAUX ATTY

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:

### (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☐ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims.[11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☑ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts: Debtor's Plan violates Section 1325(a)(4) due to nonexempt equity in Debtor's real property in Antioch, California. The plan must pay a 100% dividend or cannot be confirmed.

☐ (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts:

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☑ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts: Debtor's plan payments do not fund the payments to Rushmore Loan Management and Trustee fees.

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☑ (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts: Debtor's plan must pay a 100% dividend to pay in his DMI. In addition, Debtor cannot deduct business expenses on Form 122C-1.

☑ (15(a)) Other: Mortgage Modification Mediation Program (MMM)

Facts: Debtor's Plan includes a provision for referral to the MMM Program. Pursuant to the Court's Chapter 13 MMM Procedures, the Plan cannot be confirmed until after the mediator has filed a Final Report of Mortgage Modification Mediation Program Mediator (Form ND-MMM-201), and if a final loan modification agreement is reached, the Court has entered an Order Granting Motion to Approve Loan Modification Agreement After Completion of Mortgage Modification Mediation Program (Form ND-MMM-109).

☐ (15(b)) Other:

Facts:

| **(B) Local Rules and General Orders** |
|---|

☑ (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after December 1, 2017.

Facts: Debtor has not filed the Mandatory Form Plan for chapter 13 cases in the Northern District of California.

☑ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts: Motion to Value (re Ca Tax and Fee Admin) has not been filed and granted.

☑ (18) The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts: Debtor's attorney's fees in the plan differ from the amount on the Fee Disclosure Statement. Statement of Rights and Responsibilities has not been filed.

☐ (19) Other:

Facts:

| **II. Motion to Dismiss or Convert Chapter 13 Case** |
|---|

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☑ **(5)** Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts: Debtor has exempted household goods and car on Schedule C, but Debtor's interest in either of these is not disclosed on Schedule A/B. Debtor has listed a mortgage on Schedule E/F, but the basis for its unsecured classification is unknown (Bosco). Schedule H fails to identify the community property state in which Debtor resides. Schedule I fails to disclose full employment information and the attachment for gross business income and expenses has not been filed. Statement of Financial Affairs (SOFA) fails to disclose Debtor's payment to Debtor's attorney.

☑ **(6)** Other cause: Voluntary Petition

Facts: Debtor's bankruptcy petition failed to disclose the prior case 18-41989.

### III. Trustee's Recommendation/Analysis

☑ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☑ That the Debtor's case be dismissed or converted.

   Such other and further relief as the court deems proper.

Date: 10/11/2018                      /s/ Trustee Martha G. Bronitsky
                                                     Trustee Martha G. Bronitsky
                                                     Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 11, 2018                  /s/ Martha Silva
                                        Martha Silva

Jose A Loza                             Marianne Malveaux Atty
335 Burbank Rd                          Po Box 21144
Antioch,CA 94509                        El Sobrante,CA 94820

Debtor                                  (Counsel for Debtor)